# EXHIBIT A

```
CASE  20-C-787              KANAWHA                        PAGE   1

DAWN FUJITA               vs.  CHARLESTON KANAWHA HOUSING AUT

LINE  DATE      ACTION

1   09/10/20  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 1 CPY; F FEE; RCPT
2             5#2098; $200.00; S/P BY RESTRICTED DELIVERY BY CM; RCPT
3             5#2098; $20.00
4   09/17/20  # RMR AS TO CHAS. KANAWHA HOUSING AUTHORITY
5   10/19/20  # ANS OF D W/COS.
6   10/19/20  # D'S MOT FOR PARTIAL DIS W/COS
7   10/19/20  # MEMO IN SUPP OF MOT FOR PARTIAL DIS W/COS
8   10/19/20  # NOT OF HRG W/COS
9   11/12/20  # COS AS TO P'S 1ST INTERROG'S, REQ FOR PROD & REQ FOR ADM'S
10  12/14/20  LK COS AS TO D'S ANS'S TO P'S 1ST SET OF INTERRO, REQ FOR PROD
11            AND REQ FOR ADMISSIONS
12  12/21/20  CC O DLVO O 12/17/20
13  12/17/20  LK O: COUNT III OF P'S C IS DISMISSED W/PREJUDICE S/TAB
14  12/23/20  @ P'S MOT FOR LEAVE OF CRT TO AMD P'S COMPLAINT W/EXH'S & COS
15  01/11/21  CC ORDER DLVO ORDER 01/08/21
16  01/11/21  LK O: GRANTING MOT TO AMD W/ATTACH S/L/8/TAB
17  01/11/21  # D'S RESP TO P'S MOT FOR LEAVE OF COURT TO AMD P'S C W/COS
18  01/19/21  # AMD C W/COS
```

**IN THE CIRCUIT COURT OF** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Plaintiff(s)

_Dawn Fujita_

Case No. _20-C-787_

Judge: KANAWHA CO. CIRCUIT COURT

Plantiff's Phone: _____

**vs.**

Defendant(s)

_Charleston Kanawha_
Name
_Authy_
Street Address

City, State, Zip Code

Days to Answer _20_

Type of Service _Certified mail_

Defendant's Phone: _____

**II. TYPE OF CASE:**

- [ ] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): _____/_____

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [ ] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: _John Alderman_
Firm: _____
Address: _3 Monticello Place_
_Charleston, WV 25314_
Telephone: _304/531 4027_

- [ ] Proceeding Without an Attorney

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and _____ copies of complaint enclosed/attached.

Dated: ___/___/___   Signature: _____

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Rela...

PYMT Type _____
Rept # _____  $200 _____ $135 _____
Iss. Sum.+ _____cc   No Sum. Iss _____
_____ Ret. to Atty.   $20cm X 1
[✓] Mailed CM/RM   $5 clk X _____
_____ Mailed to sos w/ck# _____
_____ Sent to _____ w/ck# _____   $15 mdf X _____

**Plaintiff:** _____ , *et al*   **Case Number:** _____
**vs.**
**Defendant:** _____ , *et al*

## CIVIL CASE INFORMATION STATEMENT
### DEFENDANT(S) CONTINUATION PAGE

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

Defendant's Name _____   Defendant's Phone: _____

Street Address _____   Days to Answer: _____

City, State, Zip Code _____   Type of Service: _____

-----------------------------------------------------------------

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DAWN FUJITA,**

  **Plaintiff,**

**v.**               **Civil Action No. 20-C-281**

**CHARLESTON KANAWHA
HOUSING AUTHORITY,**

  **Defendant.**

*FILED
2020 SEP 10 P 3: 40
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT CO.*

### COMPLAINT

 Now into Court, through undersigned counsel come the Plaintiff Dawn Fujita (hereinafter referred to as the "Plaintiff") to assert as follows.

 This is an action against Charleston Kanawha Housing Authority (hereinafter referred to as the "Defendant") arising from its failure to pay its employee Dawn Fujita her wages for work performed by the Plaintiff in violation of the West Virginia Wage Payment and Collection Act (WPCA). Specifically, the Defendant has violated WPCA by failing to pay the Plaintiff for her time worked on the clock and within the time periods required by the WPCA.

### Parties

 1. At all pertinent times herein, the Plaintiff Dawn Fujita was an employee of the Defendant Charleston Kanawha Housing Authority and began her employment in or about March 2013 .

1

2.     At all pertinent times herein, the Defendant Charleston Kanawha Housing Authority was doing business in Kanawha County, WV with its principal place of business in Charleston, WV.

## Facts and Allegations

3.     The Defendant is and has always been obligated to pay its employees working in West Virginia pursuant to the requirements of WPCA.

4.     The Defendant, however, failed to pay Plaintiff all wages due within the time period mandated by WPCA.

5.     The Defendant also failed to pay the Plaintiff her regular hourly wages for regular hours worked by the Plaintiff, in violation of WPCA.

6.     At all pertinent times the Plaintiff was a non-exempt employee and required to report her hours worked to the Defendant.

7.     The Defendant failed to pay the Plaintiff for all hours worked in violation of the WPCA.

8.     The Defendant was audited by the U.S. Department of Labor Wage and Hour Division, and was found to have failed to properly pay many of its employees for time actually worked.

9.     The U.S. Department of Labor directed the Defendant to properly pay many of its employees back wages.

10.     The Plaintiff was required to input and submit her work to the Defendant through a computerized system, recording the Plaintiff's hours. However, the Defendant

2

would not properly process the hours worked by the Plaintiff, and frequently reduced the actual number of hours worked by the Plaintiff in order to pay the Plaintiff a lesser amount.

11.    Consistent with the Defendant's pay practices, the Defendant failed to pay the Plaintiff for all hour worked and failed to pay within the time period mandated by the WPCA.

### Count I – Violation of Wage Payment and Collection Act – Failure to Pay Wages

12.    The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

13.    The Defendant has failed to pay the Plaintiff for employment wages for hours worked by the Plaintiff.

14.    The Defendant, intentionally through a computerized system, rejected and disallowed many hours worked by the Plaintiff, and failed to pay the Plaintiff for hours worked.

15.    As a condition of her employment, the Defendant required the Plaintiff to reduce the number of hours actually reported in the payroll system so the Defendant could pay the Plaintiff a smaller amount. The Plaintiff worked many hours, which the Defendant failed to pay, in violation of WPCA.

16.    Further, the Plaintiff was required to work at after hour events for which she was not paid.

### Count II – Violation of Wage Payment and Collection Act – Failure to Pay Wages Timely

17.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

18.     The Defendant failed to pay the Plaintiff her employment wages in full within the time periods mandated by the WPCA for work performed.

19.     The work performed by the Plaintiff has in fact never been paid as set forth herein above.

20.     The payroll practices of the Defendant caused the Plaintiff to not be paid for regular wages in a timely manner.

### Count III – Violation of Wage Payment and Collection Act – Failure to Pay Overtime

21.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

22.     The Defendant has failed to pay the Plaintiff for employment wages for hours worked by the Plaintiff.

23.     The Defendant, intentionally through a computerized system, rejected and disallowed many hours worked by the Plaintiff, and failed to pay the Plaintiff for hours worked some of which included overtime hours.

24.     As a condition of her employment, the Defendant required the Plaintiff to reduce the number of hours actually reported in the payroll system so the Defendant could pay the Plaintiff a smaller amount. The Plaintiff worked many hours, which the Defendant failed to pay, in violation of WPCA.

25.     Further, the Plaintiff was required to work at after hour events for which she was not paid.

4

26.     The Defendant's payroll practices resulted in the Plaintiff not being paid for overtime hours worked.

27.     At all pertinent times the Defendant acted willfully and maliciously.

28.     The Plaintiff seeks a jury trial on all claims, allegations, defenses and triable issues.

29.     The Plaintiff is not asserting any Federal claims or causes of action.

Wherefore, the Plaintiff requests any and all damages allowable under West Virginia Law including unpaid wages, interest, and penalties under the West Virginia Wage Payment and Collection Act including attorney fees. The Plaintiff further requests payment and damages for all overtime hours worked.

John W. Alderman, III, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, West Virginia  25314
Bar ID 6216
Phone: 304-531-8029
Fax: 877-350-6643

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**

DAWN FUJITA,

        Plaintiff,

2020 SEP 10  P 3: 43

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.                                                          Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

        Defendant.

---

### *SUMMONS*

---

To the above-named Defendant:     Charleston- Kanawha Housing Authority
                                  P.O. Box 86
                                  Charleston WV 25321
                                  Attn: Mark Taylor


        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and
required to serve upon JOHN W. ALDERMAN, III Plaintiff's attorney, whose address is 3
MONTICELLO PLACE, CHARLESTON, WV 25314, an answer, including any related
counterclaim you may have, to the Complaint filed against you by the Plaintiff in the above
styled civil action a, true copy of which is herewith delivered to you. You are required to
serve your answer within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the Complaint and you will be thereafter barred for asserting in another
action any claim you may have which must be asserted by counterclaim in the above styled
civil action.

*Dated:* 9/10/20

                                        **Cathy S. Gatson, Clerk**
                                        _____
                                        Clerk of the Court



FILED

2020 SEP 10 P 3: 43

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)

RESTRICTED DELIVERY

☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)         $ _____        Postmark
☐ Certified Mail Restricted Delivery   $ _____          Here
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$
Total Postage RETURN RECEIPT REQUESTED

Sent To  Mark Taylor

Street and Apt. No., or PO Box No. Charleston Kanawha Housing

City, State, ZIP+4 P O Box 86

Charleston WV 25321

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7019 2280 0001 5578 3327



FILED

2020 SEP 17 P 3:44

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Robert B. Shamblin_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>_Robert B. Shamblin_ |
| 1. Article Addressed to:<br><br>Mark Talbot<br>Charleston Kanawha Housing<br>Authority<br>PO Box 86<br>Charleston WV 25321 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>RESTRICTED DELIVERY |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 5509 9249 9737 61 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☒ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>11□ 2280 0001 5578 3327 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

20-C-781

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      Plaintiff,

v.

                                          CIVIL ACTION NO. 20-C-787
                                          Hon. Joanna I. Tabit

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

      Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

    **COMES NOW** Defendant Charleston-Kanawha Housing Authority ("CKHA"), by counsel, Jan L. Fox, Mark C. Dean, and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

    The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

    In specific response to the allegations contained in the Complaint, Defendant states as follows:

### Parties

1.    Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

### Facts and Allegations

3.    Paragraph 3 of the Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that the Wage Payment and Collection Act ("WPCA") *W. Va. Code* § 21-5-1, *et seq.* speaks for itself.

1

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      With regard to the allegations contained in Paragraph 6 of the Complaint, Defendant admits that its employees (including Plaintiff) are required to log hours worked in a timekeeping system.  Defendant denies the remainder of the allegations contained in Paragraph 6 of the Complaint, and specifically denies that Plaintiff was a "non-exempt" employee under the federal Fair Labor Standards Act ("FLSA") and/or its state equivalent (if applicable).

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      With regard to the allegations contained in Paragraph 8 of the Complaint, Defendant admits that it was audited by the U.S. Department of Labor, and that that agency's findings speak for themselves.  Defendant denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.      With regard to the allegations contained in Paragraph 9 of the Complaint, Defendant admits that the U.S. Department of Labor recommended that Defendants offer payments to certain employees pursuant to the FLSA.

10.     With regard to the allegations contained in Paragraph 10 of the Complaint, Defendant admits that its employees (including Plaintiff) are required to log hours worked in a computerized timekeeping system.  Defendant denies the remainder of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

<u>**Count I – Failure to Pay Wages (WPCA)**</u>

12.     Defendant restates its responses to Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

2

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

### Count II – Failure to Pay Wages Timely (WPCA)

17.     Defendant restates its responses to Paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

### Count III – Failure to Pay Overtime (WPCA)

21.     Defendant restates its responses to Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, and further avers that Plaintiff's Count III is subject to a pending Motion for Partial Dismissal.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint, and further avers that Plaintiff's Count III is subject to a pending Motion for Partial Dismissal.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint, and further avers that Plaintiff's Count III is subject to a pending Motion for Partial Dismissal.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, and further avers that Plaintiff's Count III is subject to a pending Motion for Partial Dismissal.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint, and further avers that Plaintiff's Count III is subject to a pending Motion for Partial Dismissal.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint

28.     Paragraph 28 of the Complaint is a request for jury trial to which no response is required by Defendant.

29.     Paragraph 29 of the Complaint is a characterization of the claims Plaintiff attempts to bring in this action, to which no response is required by Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.  As outlined in Defendant's pending Motion for Partial Dismissal, Plaintiff's alleged substantive right (if any) to overtime pay, and remedy therefor, is exclusively governed by the federal FLSA.  The FLSA, therefore, pre-empts any attempted state law claim to recover allegedly unpaid overtime pay.

30.     The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.  Defendant denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

31.     Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

### THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or *laches*.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

### FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, compromise, settlement, waiver, and release.

4

## SIXTH DEFENSE

Defendant raises any and all affirmative defenses available under Rules 8, 12, and 23 of the West Virginia Rules of Civil Procedures.

## SEVENTH DEFENSE

To the extent Plaintiff seeks damages not recoverable under the WPCA, Plaintiff is barred from such recovery.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## NINTH DEFENSE

Defendant reserves the right to raise any and all further defenses that may arise during the course of this litigation.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant respectfully requests that Plaintiff's Complaint against it be dismissed in all respects; that it be awarded its fees and costs incurred in defending against the same; and for any other and further relief as the Court may deem just and proper.

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

By Counsel

Jan L. Fox, Esq. (WVSB #1259)
Mark C. Dean, Esq. (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180

5

Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant*



IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2020 OCT 19  PH 12: 09

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT

DAWN FUJITA,

      Plaintiff,

v.                                          CIVIL ACTION NO. 20-C-787
                                            Hon. Joanna I. Tabit

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14t day of October, 2020, I served an exact and true copy of the foregoing "Defendant's Answer to Plaintiff's Complaint" on all parties of record by first class, certified United States mail, postage prepaid, in an envelope as follows:

John W. Alderman, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, WV 25314
(304) 531-8029
(877) 350-6643 facsimile
*Counsel for Plaintiff*

7

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      **Plaintiff,**

**v.**

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

      **Defendant.**

FILED

2020 OCT 19  PM 12: 09

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**CIVIL ACTION NO. 20-C-787**
**Hon. Joanna I. Tabit**

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

**COMES NOW** Defendant, by its counsel Jan L. Fox, Mark C. Dean, and the law firm of Steptoe & Johnson PLLC, and pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, moves this Court to dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. As more fully set out in Defendant's memorandum in support, Plaintiff's claim for allegedly unpaid overtime is pre-empted by the federal Fair Labor Standards Act ("FLSA"). Plaintiff's alleged right (if any) to an overtime premium is sourced from the FLSA, not the Wage Payment and Collection Act ("WPCA"), as is her exclusive remedy for any alleged violation of that right.

Accordingly, Defendant respectfully requests the Court **GRANT** its motion and **DISMISS** Count III of Plaintiff's Complaint.



1

Respectfully submitted this 14th day of October, 2020.

**CHARLESTON-KANAWHA**
**HOUSING AUTHORITY,**

**By Counsel,**

Jan L. Fox (WVSB #1259)
Mark C. Dean (WVSB #12017)
Chase Tower, Seventeenth Floor
707 Virginia Street, East
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com

STEPTOE & JOHNSON PLLC
Of Counsel

2

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      Plaintiff,

v.

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

      Defendant.

FILED

2020 OCT 19 PM 12:09

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT

CIVIL ACTION NO. 20-C-787
Hon. Joanna I. Tabit

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of October, 2020, I served an exact and true copy of the foregoing "*Defendant's Motion for Partial Dismissal*" on all counsel of record by first class United States mail, postage prepaid, in an envelope as follows:

        John W. Alderman III, Esq.
        Law Offices of John Alderman,
        3 Monticello Place
        Charleston, WV 25314
        (304) 531-8029
        (877) 350-6643 facsimile
        *Counsel for Plaintiff*

3

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED

DAWN FUJITA,

2020 OCT 19 PM 12: 09

     Plaintiff,

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.

CIVIL ACTION NO. 20-C-787
Hon. Joanna I. Tabit

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

     Defendant.

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

     **COMES NOW** Defendant, by its counsel Jan L. Fox, Mark C. Dean, and the law firm of Steptoe & Johnson PLLC, and pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, moves this Court to dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION AND BACKGROUND

     Just because one purports to disclaim federal causes of action in their Complaint does not make it so as a matter of law. [*See* Compl. at ¶ 29]. In the instant matter, Plaintiff Dawn Fujita asserts in Count III of her Complaint that she is entitled to overtime and seeks to recover damages for allegedly unpaid overtime under the West Virginia Wage Payment and Collection Act ("WPCA"). [*Id.* at ¶¶ 21-27]. However, the federal Fair Labor Standards Act ("FLSA") – not the WPCA – creates the substantive right to overtime compensation and provides the exclusive remedy for alleged unpaid overtime wages. If Plaintiff wishes to bring a cause of action for unpaid overtime, it *must* be under the FLSA. She cannot bring it under the WPCA as a matter of law. Accordingly, Count III of Plaintiff's Complaint fails to state a claim and should be dismissed.

## III.   DISCUSSION

**A.    Standard for Rule 12(b)(6) Motion.**

A trial court presented with a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure should grant the motion if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims contained in the complaint that would entitle him to relief. *See Holbrook v. Holbrook*, 196 W. Va. 720, 723, 474 S.E.2d 900, 903 (1996); *Owen v. Bd. of Educ. of Mercer County*, 190 W. Va. 677, 678, 441 S.E.2d 398, 399 (1994). Motions to dismiss provide necessary relief in instances where a party requests relief that it cannot receive or attempts to enforce rights that it does not have. *See, e.g., State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995) (motion to dismiss under Rule 12(b)(6) enables court to weed out unfounded actions).

The court ordinarily assumes the allegations stated in the complaint to be true, and construes the pleading in the light most favorable to the plaintiff. *John W. Lodge Distr. Co. v. Texaco, Inc.*, 161 W. Va. 603, 604-05, 245 S.E.2d 157, 158 (1978). The complaint must, however, "set forth enough information to outline the elements of a claim or permit inferences to be drawn that those elements exist." *Forshey v. Jackson*, 222 W. Va. 743, 755, 671 S.E.2d 748, 760 (2008) (quoting *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 564 (1986) (*per curiam*)) (internal citation omitted). A court may "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Id.* at 756, 671 S.E.2d at 761 (quoting Franklin D. Cleckley, et al., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 347).

2

**B.**     **Any Claimed Cause of Action for Unpaid Overtime Under the WPCA is Pre-empted by the FLSA.**

Plaintiff asserts that some of the time she worked "included overtime hours" and that she was "not . . . paid for overtime hours worked." [Compl. ¶ 23, 26]. She specifically alleges her cause of action to recover that alleged unpaid overtime under the WPCA. [*Id.* at ¶¶ 21-27]. Indeed, in an apparent attempt to avoid federal jurisdiction, Plaintiff states that she "is not asserting any Federal claims or causes of action." [*Id.* at 29].[1]  However, a federal cause of action is the sole means to recover the damages Plaintiff seeks. There is no viable cause of action for recovering alleged unpaid overtime under the WPCA because of the exclusivity of the FLSA. "'The [WPCA] is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld.'" Syl. Pt. 7, *Grim v. Eastern Elec., LLC*, 234 W. Va. 557, 767 S.E.2d 267 (2014) (citations omitted). Moreover, the WPCA "'does not establish a particular rate of pay, instead, it controls the manner in which employees in West Virginia are paid wages and it imposes on employers an obligation to pay employees' wages in a timely manner.'" *Id.* at 571, 281 (citations omitted). Notably, the WPCA "must not be construed so as to produce an absurd result." *Gregory v. Forest River, Inc.*, 2010 WL 814261 (4th Cir. March 10, 2010) (unpublished) (citations omitted).

The U.S. District Court for the Northern District of West Virginia has noted:

> West Virginia's only overtime law is the West Virginia Minimum Wage and Maximum Hours Standards Act, W.Va.Code § 21–5C–1, *et seq* . ("West Virginia's overtime act"). This act exempts employers who have less than six employees or if eighty percent of the employees are subject to "any federal act relating to minimum wage, maximum hours and overtime compensation." 42 W.Va.C.S.R. § 8–2–9. The WPCA does not mention overtime and as such, the Honorable Joseph R. Goodwin has held that *'[t]he WPCA does not create a right to the overtime premium.'* Westfall

---

[1]      Although it should be noted that Plaintiff specifically alleges that Defendant acted "willfully," [Compl. at ¶ 27] – an allegation which would extend the two year FLSA statute of limitations to three years. 29 U.S.C. § 255(a).

> *v. Kendle Intern., CPU, LLC*, 2007 WL 486606, *16 (N.D.W.Va.
> Feb. 15, 2007).
> First, this Court agrees with Judge Goodwin that the WPCA does
> not create a right to overtime compensation . . . .

*Graham v. Brooks County Parks and Rec. Comm'n*, 2012 WL 1995846 (N.D. W.Va. May 31,

2012) (citations omitted) (emphasis added). In short:

> The amount of wages payable to an employee pursuant to the
> provisions of the WPCA is determined exclusively by the terms of
> the employment agreement. *See* Syl. Pt. 5, *Adkins v. Am. Mine
> Research, Inc.*, 234 W.Va. 328, 765 S.E.2d 217 (2014) ('The
> determination as to whether 'wages,' as defined in West Virginia
> Code § 21–5–1(c) (2013 Repl. Vol.), are payable pursuant to the
> requirements of West Virginia Code § 21–5–1 et seq. (2013 Repl.
> Vol.) is governed by the terms of the employment agreement,
> whether written or in the form of a consistently applied unwritten
> policy.'); *Meadows v. Wal–Mart Stores, Inc.*, 207 W.Va. 203, 530
> S.E.2d 676 (1999) (finding employment agreement between parties
> governs in determining whether specific fringe benefits/wages are
> earned and thus due under WPCA); *Weldon v. Kraft, Inc.*, 896 F.2d
> 793, 801 (3d Cir.1990) ('The contract between the parties governs
> in determining whether specific wages are earned.').

*Grim*, 234 W. Va. at 571-72, 767 S.E.2d at 281-82. In *Grim*, the plaintiffs "attempted to

bootstrap a WPCA claim to the statutory remedies provided by the [Prevailing Wage Act] PWA

by obtusely contending they were not paid 'wages due.'" *Id.* at 282. The West Virginia Supreme

Court of Appeals roundly rejected that approach, stating that "the WPCA merely provides a

statutory mechanism to recover 'compensation wrongly withheld.'" *Id.* at 282 (quoting Syl.,

*Mullins*, 171 W.Va. 92, 297 S.E.2d 866).

Plaintiff here similarly attempts to "bootstrap" a WPCA claim into the statutory rights

and remedies substantively provided by the FLSA by asserting that alleged unpaid overtime

constitutes "wages due" for alleged "overtime hours worked." Thus, like in *Grimm*, Plaintiff

does "not contend that [her] contractual wages were wrongly 'withheld' or that [her] agreed-

upon wages were not paid timely. Rather, the gravamen of petitioners' complaint is that the

4

agreed-upon wages were in violation . . .; therefore, their remedy for this violation lies within the [Act]. The WPCA creates no right to prevailing wages." *Id.* (citing *Barton v. Creasey Co. of Clarksburg*, 900 F.2d 249, *2 (4th Cir.1990) (unpublished), *cert. denied*, 498 U.S. 849 (1990)). Similarly, the WPCA creates no substantive right to overtime, and Plaintiff's claim for alleged overtime violations lies exclusively within the FLSA or its state equivalent, *not* the WPCA.

The Fourth Circuit Court of Appeals noted the exclusivity of overtime remedies under the FLSA in *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007), wherein that court refused to allow class action plaintiffs to proceed with state law claims of "contract, negligence, and fraud" as *"the FLSA's enforcement scheme is an exclusive one"* such that the "theory of obstacle preemption" applied. The Court recognized that the plaintiffs there did not "contend . . . that any North Carolina law entitles them to unpaid wages. Rather . . . they rely on the FLSA for their rights, and they invoke state law only as the source of remedies for the alleged FLSA violations." *Id.* at 193. The Fourth Circuit stated that its "conclusion is consistent with the rulings of several district courts deeming state law claims preempted by the FLSA where those claims have merely duplicated FLSA claims." *Id.* at 194 (citations omitted).

One of the decisions cited by the Fourth Circuit in *Anderson* is *Westfall v. Kendle Intern. CPU, LLC*, 2007 WL 486606 (N.D. W.Va. Feb. 15, 2007) (unpublished), a case not unlike this one. *Westfall* involved a motion for summary judgment wherein the plaintiff had alleged "that the defendants violated the WPCA by failing to pay overtime." *Westfall, supra* at *15 (citations omitted). The Court noted that the "West Virginia overtime act does not apply to the defendants"[2] and analyzed the Plaintiff's alleged entitlement to overtime through the FLSA. *Id.*

---

2       Similarly, the state equivalent to the FLSA, the Minimum Wage and Maximum Hours Standards, does not apply to Defendant CKHA. *See* W. VA. CODE § 21-5C-1(e) (for the purposes of maximum hours and overtime compensation, the term "employer" does not include entities where 80% or more of employees are "subject to any federal act relating to maximum hours and overtime compensation.").

5

at \*16. The Court granted summary judgment on the WPCA claims because of the exclusivity of

the FLSA remedies, stating:

> ***The WPCA does not create a right to the overtime premium.***
> Moreover, the West Virginia overtime act does not apply to the
> Clark and Kendall defendants, thus the only obligation to pay
> overtime to the purported employees arises under the FLSA. ***The***
> ***FLSA creates the right to overtime and provides the exclusive***
> ***remedy for the recovery of such overtime pay.*** *Tombrello v. USX*
> *Corp.*, 763 F.Supp. 541, 545 (N.D. Ala. 199) ('Courts have
> consistently held the [FLSA] is the exclusive remedy for enforcing
> rights created under the FLSA.'; *see also Roman v. Maietta*
> *Constr.*, 147 F.3d 71, 76 (1ˢᵗ. Cir. 1998).
>
> The applicable law to recover overtime pay in this case is the
> FLSA. The court **FINDS** that, as a matter of law, the plaintiff may
> not pursue her claim for overtime under the WPCA and that there
> are no genuine issues of material fact regarding this issue. The
> court **GRANTS** the Kendle defendants' motion for partial
> summary judgment on plaintiff's overtime claims arising under the
> WPCA.

*Id.* at \*16 (emphasis added).

In the instant matter, the threshold question of whether Plaintiff is exempt from overtime

compensation (and therefore entitled to any overtime compensation *at all*) is determined by the

FLSA, not the WPCA. The Plaintiff's substantive right to overtime pay (if any) is sourced from

the FLSA, not the WPCA. The WPCA creates no independent entitlement to overtime. Plaintiff

cannot "bootstrap" a WPCA claim into the statutory rights and remedies which are exclusively

provided by the FLSA. Plaintiff's remedy, if any, is limited to that in the FLSA. Count III of

her Complaint, asserting a cause of action for alleged unpaid overtime under the WPCA, fails to

state a claim as a matter of law and should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion and dismiss Count III of Plaintiff's Complaint, with prejudice.

Respectfully submitted this 14th day of October, 2020.

**CHARLESTON-KANAWHA
HOUSING AUTHORITY,**

**By Counsel,**

Jan L. Fox (WVSB #1259)
Mark C. Dean (WVSB #12017)
Chase Tower, Seventeenth Floor
707 Virginia Street, East
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com

**STEPTOE & JOHNSON PLLC**
Of Counsel

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

        Plaintiff,

v.

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

        Defendant.

FILED

2020 OCT 19   PM 12: 09

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

CIVIL ACTION NO. 20-C-787
Hon. Joanna I. Tabit

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of October, 2020, I served an exact and true copy of the foregoing *"Memorandum in Support of Defendant's Motion for Partial Dismissal"* on all counsel of record by first class United States mail, postage prepaid, in an envelope as follows:

        John W. Alderman III, Esq.
        Law Offices of John Alderman,
        3 Monticello Place
        Charleston, WV 25314
        (304) 531-8029
        (877) 350-6643 facsimile
        *Counsel for Plaintiff*



**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

DAWN FUJITA,

      **Plaintiff,**

v.

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

      **Defendant.**

FILED

2020 OCT 19 PM 12:09

CATHY S. ... ..., CLERK
KANAWHA COUNTY CIRCUIT COURT

CIVIL ACTION NO. 20-C-787
Hon. Joanna I. Tabit

## NOTICE OF HEARING

TO:    John W. Alderman, III, Esq.

**COMES NOW** Defendant, by counsel, Jan L. Fox and Mark C. Dean and the law firm of Steptoe & Johnson PLLC, and notices for hearing "Defendant's Motion for Partial Dismissal" which will be heard by The Honorable Joanna I. Tabit at a date, time, and place to be determined by the Court. You are invited to attend to protect your interests.

DATED this 14th day of October, 2020.

                                        CHARLESTON-KANAWHA
                                        HOUSING AUTHORITY,

                                        **By Counsel,**

STEPTOE & JOHNSON PLLC
Of Counsel

                                        Jan L. Fox (WVSB #1259)
                                        Mark C. Dean (WVSB #12017)
                                        Chase Tower, Seventeenth Floor
                                        707 Virginia Street, East
                                        P.O. Box 1588
                                        Charleston, WV 25326-1588
                                        (304) 353-8000
                                        (304) 353-8180 facsimile
                                        Jan.Fox@Steptoe-Johnson.com
                                        Mark.Dean@Steptoe-Johnson.com





**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

DAWN FUJITA,

      **Plaintiff,**

v.

**CHARLESTON-KANAWHA**
**HOUSING AUTHORITY,**

      **Defendant.**

2020 OCT 19 PM 12: 09

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**CIVIL ACTION NO. 20-C-787**
Hon. Joanna I. Tabit

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2020, I served an exact and true copy of the foregoing *"Notice of Hearing"* on all counsel of record by first class United States mail, postage prepaid, in an envelope as follows:

        John W. Alderman III, Esq.
        Law Offices of John Alderman,
        3 Monticello Place
        Charleston, WV 25314
        (304) 531-8029
        (877) 350-6643 facsimile
        *Counsel for Plaintiff*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**

DAWN FUJITA,

2020 NOV 12  PM 2: 06

    Plaintiff,

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.

Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

    Defendant.

## CERTIFICATE OF SERVICE

I, John W. Alderman, III, counsel for the Plaintiff, do hereby declare that on this 10th

day of November 2020, I have served a true copy of the hereto attached ***Plaintiff's First Set***

***of Interrogatories, Requests for Production of Documents, and Requests for Admissions***

***to Defendant*** upon the following:

> Jan L. Fox
> Steptoe & Johnson PLLC
> P.O. Box 1588
> Charleston, WV 25326

John W. Alderman, III, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, West Virginia 25314
Bar ID 6216
Phone: 304-531-8029
Fax: 877-656-8622



FILED
2020 DEC 14 PM 1: 17
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

   PLAINTIFF,

v.            CIVIL ACTION NO.: 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

   DEFENDANT.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2020, I have served a true copy of the foregoing *"Defendant's Answers to Plaintiff's First Set of Interrogatories, Requests For Production of Documents, and Requests for Admissions"* upon counsel of record, via U.S. Mail, postage pre-paid, in envelopes addressed as follows:

    John W. Alderman, III, Esq.
    Law Offices of John W. Alderman
    3 Monticello Place
    Charleston, WV  25314

        Jan L. Fox, Esq. (WV Bar #1259)

20

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

DAWN FUJITA,

    **Plaintiff,**

v.

**CIVIL ACTION NO. 20-C-787**
**Hon. Joanna I. Tabit**

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

    **Defendant.**

*FILED*
2020 DEC 17 PM 3: 41
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## ORDER GRANTING
## DEFENDANT'S MOTION FOR PARTIAL DISMISAL

    Pending before the Court is Defendant Charleston-Kanawha Housing Authority's ("CKHA") Motion for Partial Dismissal. Defendant CKHA moved to dismiss Count III of Plaintiff's Complaint, seeking alleged unpaid overtime wages, as pre-empted by the federal Fair Labor Standards Act ("FLSA"). Having considered the Motion to Dismiss, the Court finds and concludes as follows:

### I.    FACTUAL BACKGROUND

1.    Plaintiff filed her Complaint in this matter on or about September 10, 2020.

2.    The Complaint alleges three causes of action, all under the West Virginia Wage Payment and Collection Act ("WPCA"):

    a.    Count I - Failure to pay wages due;

    b.    Count II - Failure to pay wages timely; and

    c.    Count III - Failure to pay overtime.

3.    As to Count III, Plaintiff specifically alleges that some of the time she worked for CKHA during the relevant time period "included overtime hours" and that she was "not . . . paid for overtime hours worked."

13

4.     Plaintiff specifically brings her cause of action for alleged unpaid overtime in Count III of her Complaint under the WPCA, and states that she "is not asserting any Federal claims or causes of action."

5.     The issue before the Court is whether Count III of Plaintiff's Complaint, seeking remedy for alleged overtime pay under the WPCA, states a claim upon which relief may be granted.

## II.     LEGAL DISCUSSION

### A.  Motion to Dismiss Standard

1.     The West Virginia Rules of Civil Procedure provide that a trial court must dismiss a plaintiff's complaint if he has "fail[ed] to state a claim upon which relief can be granted." W. Va. R. Civ. P. 12(b)(6).

2.     Motions to dismiss provide relief in instances where a party requests relief that it cannot receive or attempts to enforce rights that it does not have. *See, e.g., State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995) (motion to dismiss under Rule 12(b)(6) enables court to weed out unfounded actions).

3.     The court ordinarily assumes the allegations stated in the complaint to be true, and construes the pleading in the light most favorable to the plaintiff. *John W. Lodge Distr. Co. v. Texaco, Inc.*, 161 W. Va. 603, 604-05, 245 S.E.2d 157, 158 (1978). The complaint must, however, "set forth enough information to outline the elements of a claim or permit inferences to be drawn that those elements exist." *Forshey v. Jackson*, 222 W. Va. 743, 755, 671 S.E.2d 748, 760 (2008) (quoting *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 564 (1986) (*per curiam*)) (internal citation omitted).

2

4.     In evaluating a motion to dismiss, a court may "ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Id.* at 756, 671 S.E.2d at 761 (quoting Franklin D. Cleckley, et al., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 347).

**B.   The Court FINDS that Plaintiff's Claim for Unpaid Overtime Under the WPCA Fails to State a Claim for Which Relief May Be Granted**

5.     Count III of Plaintiff's Complaint brings a cause of action for alleged unpaid overtime wages under the WPCA.

6.     As the Supreme Court of Appeals of West Virginia has noted, "'[t]he [WPCA] is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld.'" Syl. Pt. 7, *Grim v. Eastern Elec., LLC*, 234 W. Va. 557, 767 S.E.2d 267 (2014) (citations omitted).

7.     Moreover, the WPCA "'does not establish a particular rate of pay, instead, it controls the manner in which employees in West Virginia are paid wages and it imposes on employers an obligation to pay employees' wages in a timely manner.'" *Id.* at 571, 281 (citations omitted).   Rather, the amount of wages payable to an employee pursuant to the WPCA is determined by the employment agreement. Syl. Pt. 5, *Adkins v. Am. Mine Research, Inc.*, 234 W. Va. 328, 765 S.E.2d 217 (2014).

8.     The Supreme Court of Appeals has not addressed applicability of the WPCA to overtime claims.  However, the United States District Court for the Northern District of West Virginia has done so.  In *Westfall v. Kendle Intern., CPU, LLC*, Civil Action No. 1:05-CV-0118, 2007 WL 486606 (N.D.W. Va. Feb. 15, 2007), the court granted summary judgment to the defendant on a claim for allegedly unpaid overtime brought under the WPCA, stating that "the WPCA does not create a right to the overtime premium. . . [t]he FLSA creates the right to overtime

3

and provides the exclusive remedy of such overtime pay . . . The Court FINDS that, as a matter of law, the plaintiff may not pursue her claim under the WPCA . . . ." *Westfall, supra* at *16.

9.      In 2012, the Northern District reaffirmed its position that "the WPCA does not create a right to overtime compensation and thus [the WPCA] is inapplicable to this case" in granting summary judgment to a defendant/employer in *Graham v. Brooks County Parks and Rec. Comm'n*, Civil Action No. 5:11-CV-87, 2012 WL 1995846 at *5 (N.D.W. Va. May 31, 2012). Indeed, the Fourth Circuit Court of Appeals has noted that "the FLSA's enforcement scheme is an exclusive one" such that "the theory of obstacle preemption" applies when allegedly unpaid overtime is at issue. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007).

10.     In addition to the persuasive authority of the federal courts, the Court notes that the Supreme Court of Appeals analyzed a closely analogous question in *Grim v. Eastern Elec., LLC*, *supra*. In *Grim*, the plaintiffs brought a claim under the WPCA alleging that unpaid compensation under West Virginia's Prevailing Wage Act ("PWA") constituted "wages due" under the WPCA.

11.     Using reasoning similar to the Northern District's in *Westfall* and *Graham*, the Supreme Court of Appeals of West Virginia in *Grim* upheld dismissal of the plaintiff's WPCA claim, noting that "the gravamen of petitioners' complaint is that the agreed-upon wages were in violation of the PWA; therefore, their remedy for this violation lies within the PWA. The WPCA creates no right to prevailing wages." *Grim,* 234 W. Va. at 572, 767 S.E.2d at 282.

12.     In this case, the posture of Plaintiff's claim is substantively the same as in *Grim* and the Northern District cases outlined above. In Count III of the Complaint, Plaintiff alleges that Defendant failed to pay her overtime pay to which she was entitled. In other words, the gravamen of Plaintiff's claim is that Defendant violated the FLSA. However, Plaintiff's substantive right of entitlement to overtime pay, if any, does not arise from the WPCA. Indeed,

4

the WPCA provides no substantive rights at all.  The substantive right of entitlement to overtime pay, if any, arises from the FLSA.

13.    Similarly, the remedy for Plaintiff's allegations of allegedly unpaid overtime also lies within the FLSA.  As the Fourth Circuit has held, the FLSA's enforcement scheme is "exclusive."

### III.    CONCLUSION

For these reasons, the Court **FINDS** that Count III of Plaintiff's Complaint, asserting a cause of action for allegedly unpaid overtime under the WPCA, fails to state a claim upon which relief can be granted.  The Court accordingly **ORDERS** that Count III of Plaintiff's Complaint be **DISMISSED** against Defendant, *with prejudice.*

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

ENTER this *17ᵗʰ* day of *December*, 2020.

Hon. Joanna I. Tabit

*Prepared by:*

Jan L. Fox (WVSB # 1259)
Mark C. Dean (WVSB # 12017)
STEPTOE & JOHNSON PLLC
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
jan.fox@steptoe-johnson.com
mark.dean@steptoe-johnson.com

5

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

     Plaintiff,

v.                                                  Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

     Defendant.

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT

Now into Court through undersigned counsel comes the Plaintiff, Dawn Fujita requesting leave of Court to amend the Complaint in order to add a claim for violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq. pursuant to Rule 15 of the West Virginia Rules of Civil Procedure, and hereby requests leave of Court to file the Amended Complaint attached as Exhibit A. In summary, the Motion to Amend should be granted because (1) no Scheduling Order has been entered in this case; (2) the case is in its infancy and no depositions have been taken; (3) no fact witnesses or expert witnesses have been disclosed; (4) the Defendant's overtime claims appear to be governed by the Fair Labor Standards Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq; (5) no trial date has been scheduled.

Additionally, the Defendants on December 11, 2020 the Defendant filed responses to the Plaintiffs First Set of Interrogatories and Requests for Production of Documents which give rise to the amended complaint.

1

## DISCUSSION

1.      That there is good cause for the Court to allow leave of Court for counsel for Plaintiff to amend the Complaint in this matter to assert a count for violation of in the Fair Labor Standards  Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq.  The Amended Complaint of the  Plaintiff is attached hereto and identified as "Exhibit A."

2.      Rule 15 of the West Virginia Rules of Civil Procedure directs that leave to amend a pleading "shall be freely given when justice so requires."  *See* Id.  This particular phrase means that amendments to a Complaint are to be construed liberally in order to promote substantial justice and to secure the just, speedy and inexpensive determination of every action. *See* Perdue v. S.J. Groves & Sons Co., 152 W.Va. 222, 161 S.E.2d 250 (1968). Motions to amend should always be granted when the amendment permits the presentation of the merits of an action, the adverse party is not prejudiced by the sudden assertion of the subject of the amendment and the adverse party can be given ample opportunity to meet the issue. *See* Christian v. Sizemore, 181 W.Va. 628, 383 S.E.2d 810 (1989).  In addition, Motions to amend should always be granted when the amendment is made to conform to the evidence. *See* Berry v. Nationwide Mut. Fire Ins. Co., 181 W.Va. 168, 381 S.E.2d 367 (1989); *see also* Adkins v. Slater, 171 W.Va. 203, 298 S.E.2d 236 (1982); Holiday Plaza, Inc. v. First Federal Sav. and Loan Ass'n of Clarksburg, 168 W.Va. 356, 285 S.E.2d 131 (1981).

3.      The following amendment permits the permits the presentation of the merits of this action, the Defendant is not prejudiced by the sudden assertion of the subject of the amendment and the Defendant can be given ample opportunity to meet the issue. In fact no

scheduling order has been entered and the Defendant has not submitted any discovery to the Plaintiff.

4.      Additionally, the amendment to the Complaints relates back to and grew out of the same conduct, transaction or occurrence which gave rise to the initial Complaints and the Defendants would not prejudiced by the assertion of the new issue.  See Bennett v. Owens, 180 W.Va. 641, 378 S.E.2d 850 (1989).

5.      The Plaintiff has not previously requested an amendment to the Complaint. This is the first request to amend submitted by the Plaintiff in this case.

Wherefore, for the aforesaid reasons, the Plaintiff requests this Honorable Court to grant her Motion for Leave of Court to Amend Complaint, and to enter an Order effectuating this decision, along with any other relief this Court deems just and proper.


John W. Alderman, III, Esq.
Law Offices of John W. Alderman, III
3 Monticello Place
Charleston, West Virginia  25314
WV Bar Id. No. 6216
(304) 531-8029
*Counsel for the Plaintiff*

3

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**DAWN FUJITA,**

     **Plaintiff,**

**v.**                                     **Civil Action No. 20-C-787**

**CHARLESTON KANAWHA**
**HOUSING AUTHORITY,**

     **Defendant.**

## AMENDED COMPLAINT

Now into Court, through undersigned counsel come the Plaintiff Dawn Fujita (hereinafter referred to as the "Plaintiff") to assert as follows.

This is an action against Charleston Kanawha Housing Authority (hereinafter referred to as the "Defendant") arising from its failure to pay its employee Dawn Fujita her wages and overtime for work performed by the Plaintiff in violation of the West Virginia Wage Payment and Collection Act (WPCA) and in violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq.

### Parties

1.     At all pertinent times herein, the Plaintiff Dawn Fujita was an employee of the Defendant Charleston Kanawha Housing Authority and began her employment in March 2012 as a Leased Housing Specialist.

2.     At all pertinent times herein, the Defendant Charleston Kanawha Housing Authority was doing business in Kanawha County, WV with its principal place of business in Charleston, WV.

1

### Facts and Allegations

3.     The Defendant is and has always been obligated to pay its employees working in West Virginia pursuant to the requirements of WPCA.

4.     The Defendant, however, failed to pay Plaintiff all wages due within the time period mandated by WPCA.

5.     The Defendant also failed to pay the Plaintiff for her regular hours worked hours worked in violation of WPCA.

6.     At all pertinent times the Plaintiff was a non-exempt employee and required to report her weekly hours worked to the Defendant.

7.     The Defendant was an employer of the Plaintiff as defined by FLSA and WPCA.

8.     The Defendant was audited by the U.S. Department of Labor Wage and Hour Division, and was found to have failed to properly pay many of its employees for time actually worked.

9.     In 2019, the U.S. Department of Labor directed the Defendant to properly pay many of its employees back wages.

10.     The Plaintiff was required to input and submit her hours worked to the Defendant through a computerized system, recording the Plaintiff's hours. However, the Defendant would not properly process the hours worked by the Plaintiff, and frequently intentionally reduced the actual number of hours worked by the Plaintiff in the payroll system in order to pay the Plaintiff and other employees a lesser amount.

11.     The Plaintiff worked regular hours and overtime hours for which she was not paid or compensated.

2

12.     Consistent with the Defendant's pay practices, the Defendant failed to pay the Plaintiff for all hour worked and failed to pay within the time period mandated by the WPCA.

13.     The Defendant failed to record, report, and/or preserve Plaintiff's hours worked, wages earned, total work week hours, daily earnings, total overtime, and failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

### Count I – Violation of Wage Payment and Collection Act – Failure to Pay Wages

14.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

15.     The Defendant has failed to pay the Plaintiff for employment wages for hours worked by the Plaintiff.

16.     The Defendant, intentionally through a computerized system, rejected many hours worked by the Plaintiff, and failed to pay the Plaintiff for hours worked.

17.     As a condition of her employment, the Defendant required the Plaintiff to reduce the number of hours actually reported in the payroll system so the Defendant could pay the Plaintiff a smaller amount. The Plaintiff worked many hours, which the Defendant failed to pay, in violation of WPCA.

18.     Further, the Plaintiff was required to work at after hour events for which she was not paid such as Night Out on Crime.

3

## Count II – Violation of Wage Payment and Collection Act – Failure to Pay Wages Timely

19.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

20.     The Defendant failed to pay the Plaintiff her employment wages in full within the time periods mandated by the WPCA for work performed.

21.     The work performed by the Plaintiff has in fact never been paid as set forth herein above.

22.     The payroll practices of the Defendant caused the Plaintiff to not be paid for regular wages in a timely manner.

## Count III – Violation of Fair Labor Standards Act of 1938 (FLSA) 29 U.S.C. §201 *et seq.*

23.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

24.     The Defendant failed to pay the Plaintiff her wages for regular time work and overtime work in violation of the Fair Labor Standards Act. The Defendant, through its computer software and payroll system, knowingly rejected and refused to accept the actual weekly and overtime hours worked by the Plaintiff.

25.     The Defendant knew it was using a payroll practice and payroll system that rejected regular hours and overtime hours worked by the Plaintiff as well as by its other employees.

26.     The Defendant further affirmatively refused to pay the Plaintiff for overtime hours worked, in violation of the Fair Labor Standards Act.

27.     The Defendant failed to pay the Plaintiff  her regular rate of pay for hours worked by the Plaintiff as required by FLSA and further failed to pay the Plaintiff one-and-half times the regular rate of pay to the Plaintiff for overtime hours worked.

28.     The refusal of the Defendant to pay for the actual hours worked and overtime hours worked by the Plaintiff is a violation of the Fair Labor Standards Act.

29.     By failing to record, report, and/or preserve hours worked and wages earned by the Plaintiff, the Defendant failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

30.     The Plaintiff requests all unpaid wages, and/or  unpaid minimum wages, unpaid overtime, liquidated damages, penalties, and attorneys' fees.

31.     The Plaintiff also asserts that conduct set forth herein establishes the Defendant acted willfully and intentionally in violation of the Fair Labor Standards Act by knowingly refusing to pay the Plaintiff for all hours worked at her regular rate of pay, all wages earned, all overtime worked, minimum wage, and further failed to pay the proper overtime rate and intentionally failed to keep proper records as set forth hereinabove.

32.     The Defendant knowingly and repeatedly failed to pay the Plaintiff the proper overtime rate as required by the Fair Labor Standards Act.

33.     At all pertinent times the Defendant acted willfully and maliciously.

34.     The Plaintiff seeks a jury trial on all claims, allegations, defenses and triable issues.

Wherefore, the Plaintiff requests any and all damages allowable under West Virginia Law as well under the Fair Labor Standards Act of 1938, including liquidated

damages, back unpaid wages, unpaid overtime, costs and/or minimum wages, prejudgment and post judgment interest and penalties under the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act, including attorney fees. The Plaintiff further requests a finding that the Defendant acted willfully in violating FLSA and WPCA.


John W. Alderman, III, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, West Virginia  25314
Bar ID 6216
Phone: 304-531-8029
Fax: 877-350-6643

6

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      Plaintiff,

v.                                        Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

      Defendant.

## ORDER GRANTING MOTION TO AMEND

      Pending before this Court is Plaintiff's Motion to Amend the Complaint as set forth in Exhibit A to the Plaintiff's Motion to Amend. After full consideration of the matter, this Court finds that the Plaintiff may file the Amended Complaint pursuant to Rule 15 of the West Virginia Rules of Civil Procedure and that the claims set forth in the Amended Complaint shall relate back to the date of the filing of the original Complaint. The Court specifically finds that no Scheduling Order has been entered in this matter and the Defendants will suffer no prejudice from the Amendment to the Complaint.

      Accordingly, it is hereby Ordered, Adjudged, and Decreed that the Amended Complaint be filed by the Plaintiff within 15 days of the entry of this Order. The Clerk is hereby directed to send a copy of this Order to all counsel of record.

      Entered this ___ day of _____, 2021.

                                    _____

                                    Judge Tabit

1

Submitted by:

Law Offices of John W. Alderman, III
3 Monticello Place
Charleston, West Virginia  25314
WV Bar Id. No. 6216
(304) 531-8029
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      Plaintiff,

v.                                  Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

      Defendant.

## CERTIFICATE OF SERVICE

    I, John W. Alderman, III, counsel for the Plaintiff, do hereby declare that on this 23rd day of December 2020, I have served a true copy of the hereto attached *Plaintiff's Motion to Amend and Proposed Order* upon the following:

    Jan L. Fox
    Steptoe & Johnson PLLC
    P.O. Box 1588
    Charleston, WV 25326

                                              John W. Alderman, III, Esq.
                                            Law Offices of John W. Alderman
                                            3 Monticello Place
                                            Charleston, West Virginia 25314
                                            Bar ID 6216
                                            Phone: 304-531-8029
                                            Fax: 877-656-8622

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**

**DAWN FUJITA,**

2021 JAN 11 AM 9: 42

    **Plaintiff,**

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**v.**

Civil Action No. 20-C-787

**CHARLESTON KANAWHA**
**HOUSING AUTHORITY,**

    **Defendant.**

### ORDER GRANTING MOTION TO AMEND

Pending before this Court is Plaintiff's Motion to Amend the Complaint as set forth in Exhibit A to the Plaintiff's Motion to Amend. After full consideration of the matter, this Court finds that the Plaintiff may file the Amended Complaint pursuant to Rule 15 of the West Virginia Rules of Civil Procedure and that the claims set forth in the Amended Complaint shall relate back to the date of the filing of the original Complaint. The Court specifically finds that no Scheduling Order has been entered in this matter and the Defendants will suffer no prejudice from the Amendment to the Complaint.

Accordingly, it is hereby Ordered, Adjudged, and Decreed that the Amended Complaint be filed by the Plaintiff within 15 days of the entry of this Order. The Clerk is hereby directed to send a copy of this Order to all counsel of record.

Entered this 8th day of January, 2021.

Judge Tabit

Date: 1.11.21
Certified copies sent to:
___ council of record
___ parties
___ other J Alderman
(please indicate) J Fox
By:
___ certified/1st class mail
___ fax
___ hand delivery
___ interdepartmental
Other: _____
Deputy Circuit Clerk

1

16

Submitted by:

Law Offices of John W. Alderman, III
3 Monticello Place
Charleston, West Virginia  25314
WV Bar Id. No. 6216
(304) 531-8029
*Counsel for the Plaintiff*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2021 JAN 11 AM 9: 42

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

DAWN FUJITA,

    Plaintiff,

v.                         Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

    Defendant.

## AMENDED COMPLAINT

Now into Court, through undersigned counsel come the Plaintiff Dawn Fujita (hereinafter referred to as the "Plaintiff") to assert as follows.

This is an action against Charleston Kanawha Housing Authority (hereinafter referred to as the "Defendant") arising from its failure to pay its employee Dawn Fujita her wages and overtime for work performed by the Plaintiff in violation of the West Virginia Wage Payment and Collection Act (WPCA) and in violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq.

## Parties

1.    At all pertinent times herein, the Plaintiff Dawn Fujita was an employee of the Defendant Charleston Kanawha Housing Authority and began her employment in March 2012 as a Leased Housing Specialist.

2.    At all pertinent times herein, the Defendant Charleston Kanawha Housing Authority was doing business in Kanawha County, WV with its principal place of business in Charleston, WV.

1

EXHIBIT
A

## Facts and Allegations

3.     The Defendant is and has always been obligated to pay its employees working in West Virginia pursuant to the requirements of WPCA.

4.     The Defendant, however, failed to pay Plaintiff all wages due within the time period mandated by WPCA.

5.     The Defendant also failed to pay the Plaintiff for her regular hours worked hours worked in violation of WPCA.

6.     At all pertinent times the Plaintiff was a non-exempt employee and required to report her weekly hours worked to the Defendant.

7.     The Defendant was an employer of the Plaintiff as defined by FLSA and WPCA.

8.     The Defendant was audited by the U.S. Department of Labor Wage and Hour Division, and was found to have failed to properly pay many of its employees for time actually worked.

9.     In 2019, the U.S. Department of Labor directed the Defendant to properly pay many of its employees back wages.

10.     The Plaintiff was required to input and submit her hours worked to the Defendant through a computerized system, recording the Plaintiff's hours. However, the Defendant would not properly process the hours worked by the Plaintiff, and frequently intentionally reduced the actual number of hours worked by the Plaintiff in the payroll system in order to pay the Plaintiff and other employees a lesser amount.

11.     The Plaintiff worked regular hours and overtime hours for which she was not paid or compensated.

2

12.     Consistent with the Defendant's pay practices, the Defendant failed to pay the Plaintiff for all hour worked and failed to pay within the time period mandated by the WPCA.

13.     The Defendant failed to record, report, and/or preserve Plaintiff's hours worked, wages earned, total work week hours, daily earnings, total overtime, and failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

### Count I – Violation of Wage Payment and Collection Act – Failure to Pay Wages

14.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

15.     The Defendant has failed to pay the Plaintiff for employment wages for hours worked by the Plaintiff.

16.     The Defendant, intentionally through a computerized system, rejected many hours worked by the Plaintiff, and failed to pay the Plaintiff for hours worked.

17.     As a condition of her employment, the Defendant required the Plaintiff to reduce the number of hours actually reported in the payroll system so the Defendant could pay the Plaintiff a smaller amount. The Plaintiff worked many hours, which the Defendant failed to pay, in violation of WPCA.

18.     Further, the Plaintiff was required to work at after hour events for which she was not paid such as Night Out on Crime.

3

## Count II – Violation of Wage Payment and Collection Act – Failure to Pay Wages Timely

19.      The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

20.      The Defendant failed to pay the Plaintiff her employment wages in full within the time periods mandated by the WPCA for work performed.

21.      The work performed by the Plaintiff has in fact never been paid as set forth herein above.

22.      The payroll practices of the Defendant caused the Plaintiff to not be paid for regular wages in a timely manner.

## Count III – Violation of Fair Labor Standards Act of 1938 (FLSA) 29 U.S.C. §201 *et seq.*

23.      The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

24.      The Defendant failed to pay the Plaintiff her wages for regular time work and overtime work in violation of the Fair Labor Standards Act. The Defendant, through its computer software and payroll system, knowingly rejected and refused to accept the actual weekly and overtime hours worked by the Plaintiff.

25.      The Defendant knew it was using a payroll practice and payroll system that rejected regular hours and overtime hours worked by the Plaintiff as well as by its other employees.

26.      The Defendant further affirmatively refused to pay the Plaintiff for overtime hours worked, in violation of the Fair Labor Standards Act.

27.     The Defendant failed to pay the Plaintiff  her regular rate of pay for hours worked by the Plaintiff as required by FLSA and further failed to pay the Plaintiff one-and-half times the regular rate of pay to the Plaintiff for overtime hours worked.

28.     The refusal of the Defendant to pay for the actual hours worked and overtime hours worked by the Plaintiff is a violation of the Fair Labor Standards Act.

29.     By failing to record, report, and/or preserve hours worked and wages earned by the Plaintiff, the Defendant failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

30.     The Plaintiff requests all unpaid wages, and/or  unpaid minimum wages, unpaid overtime, liquidated damages, penalties, and attorneys' fees.

31.     The Plaintiff also asserts that conduct set forth herein establishes the Defendant acted willfully and intentionally in violation of the Fair Labor Standards Act by knowingly refusing to pay the Plaintiff for all hours worked at her regular rate of pay, all wages earned, all overtime worked, minimum wage, and further failed to pay the proper overtime rate and intentionally failed to keep proper records as set forth hereinabove.

32.     The Defendant knowingly and repeatedly failed to pay the Plaintiff the proper overtime rate as required by the Fair Labor Standards Act.

33.     At all pertinent times the Defendant acted willfully and maliciously.

34.     The Plaintiff seeks a jury trial on all claims, allegations, defenses and triable issues.

Wherefore, the Plaintiff requests any and all damages allowable under West Virginia Law as well under the Fair Labor Standards Act of 1938, including liquidated

5

damages, back unpaid wages, unpaid overtime, costs and/or minimum wages, prejudgment and post judgment interest and penalties under the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act, including attorney fees. The Plaintiff further requests a finding that the Defendant acted willfully in violating FLSA and WPCA.

John W. Alderman, III, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, West Virginia  25314
Bar ID 6216
Phone: 304-531-8029
Fax: 877-350-6643

6

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

　　　　Plaintiff,

v.

CIVIL ACTION NO. 20-C-787
(Hon. Joanna I. Tabit)

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

　　　　Defendant.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
## FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, by its counsel, Jan L. Fox, Mark C. Dean, and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint, filed on December 23, 2020.  Plaintiff seeks leave from this Court, pursuant to *W. Va. R. Civ. P.* 15(a), to amend her Complaint in the above-captioned matter to include an additional cause of action under the federal Fair Labor Standards Act ("FLSA"). Defendant does not object to such an amendment.

Respectfully submitted this 8th day of January, 2021.

> **CHARLESTON-KANAWHA
> HOUSING AUTHORITY,**
>
> **By Counsel,**
>
>
> _____
> Jan L. Fox (WVSB #1269)
> Mark C. Dean (WVSB #12017)
> Chase Tower, Seventeenth Floor
> 707 Virginia Street, East
> P.O. Box 1588
> Charleston, WV 25326-1588
> (304) 353-8000
> (304) 353-8180 facsimile
> Jan.Fox@Steptoe-Johnson.com
> Mark.Dean@Steptoe-Johnson.com

STEPTOE & JOHNSON PLLC
Of Counsel

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

Plaintiff,

v.

CHARLESTON-KANAWHA
HOUSING AUTHORITY,

Defendant.

CIVIL ACTION NO. 20-C-787
(Hon. Joanna I. Tabit)

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2021, I served an exact and true copy of the foregoing *"Defendant's Response to Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint"* on all counsel of record by first class United States mail, postage prepaid, in an envelope as follows:

John W. Alderman III, Esq.
Law Offices of John Alderman,
3 Monticello Place
Charleston, WV 25314
(304) 531-8029
(877) 350-6643 facsimile
*Counsel for Plaintiff*

Jan L. Fox (WVSB #1259)

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DAWN FUJITA,

      Plaintiff,

v.                                 Civil Action No. 20-C-787

CHARLESTON KANAWHA
HOUSING AUTHORITY,

      Defendant.

### AMENDED COMPLAINT

Now into Court, through undersigned counsel come the Plaintiff Dawn Fujita (hereinafter referred to as the "Plaintiff") to assert as follows.

This is an action against Charleston Kanawha Housing Authority (hereinafter referred to as the "Defendant") arising from its failure to pay its employee Dawn Fujita her wages and overtime for work performed by the Plaintiff in violation of the West Virginia Wage Payment and Collection Act (WPCA) and in violation of the Fair Labor Standards Act of 1938 (hereinafter "FLSA") 29 U.S.C. §201 et seq.

### Parties

1.      At all pertinent times herein, the Plaintiff Dawn Fujita was an employee of the Defendant Charleston Kanawha Housing Authority and began her employment in March 2012 as a Leased Housing Specialist.

2.      At all pertinent times herein, the Defendant Charleston Kanawha Housing Authority was doing business in Kanawha County, WV with its principal place of business in Charleston, WV.

1

## Facts and Allegations

3.     The Defendant is and has always been obligated to pay its employees working in West Virginia pursuant to the requirements of WPCA.

4.     The Defendant, however, failed to pay Plaintiff all wages due within the time period mandated by WPCA.

5.     The Defendant also failed to pay the Plaintiff for her regular hours worked hours worked in violation of WPCA.

6.     At all pertinent times the Plaintiff was a non-exempt employee and required to report her weekly hours worked to the Defendant.

7.     The Defendant was an employer of the Plaintiff as defined by FLSA and WPCA.

8.     The Defendant was audited by the U.S. Department of Labor Wage and Hour Division, and was found to have failed to properly pay many of its employees for time actually worked.

9.     In 2019, the U.S. Department of Labor directed the Defendant to properly pay many of its employees back wages.

10.     The Plaintiff was required to input and submit her hours worked to the Defendant through a computerized system, recording the Plaintiff's hours. However, the Defendant would not properly process the hours worked by the Plaintiff, and frequently intentionally reduced the actual number of hours worked by the Plaintiff in the payroll system in order to pay the Plaintiff and other employees a lesser amount.

11.     The Plaintiff worked regular hours and overtime hours for which she was not paid or compensated.

2

12.     Consistent with the Defendant's pay practices, the Defendant failed to pay the Plaintiff for all hour worked and failed to pay within the time period mandated by the WPCA.

13.     The Defendant failed to record, report, and/or preserve Plaintiff's hours worked, wages earned, total work week hours, daily earnings, total overtime, and failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

### Count I – Violation of Wage Payment and Collection Act – Failure to Pay Wages

14.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

15.     The Defendant has failed to pay the Plaintiff for employment wages for hours worked by the Plaintiff.

16.     The Defendant, intentionally through a computerized system, rejected many hours worked by the Plaintiff, and failed to pay the Plaintiff for hours worked.

17.     As a condition of her employment, the Defendant required the Plaintiff to reduce the number of hours actually reported in the payroll system so the Defendant could pay the Plaintiff a smaller amount. The Plaintiff worked many hours, which the Defendant failed to pay, in violation of WPCA.

18.     Further, the Plaintiff was required to work at after hour events for which she was not paid such as Night Out on Crime.

## Count II – Violation of Wage Payment and Collection Act – Failure to Pay Wages Timely

19.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

20.     The Defendant failed to pay the Plaintiff her employment wages in full within the time periods mandated by the WPCA for work performed.

21.     The work performed by the Plaintiff has in fact never been paid as set forth herein above.

22.     The payroll practices of the Defendant caused the Plaintiff to not be paid for regular wages in a timely manner.

## Count III – Violation of Fair Labor Standards Act of 1938 (FLSA) 29 U.S.C. §201 *et seq.*

23.     The Plaintiff hereby restates and reincorporates each and every previous allegation made herein as if stated in full.

24.     The Defendant failed to pay the Plaintiff her wages for regular time work and overtime work in violation of the Fair Labor Standards Act. The Defendant, through its computer software and payroll system, knowingly rejected and refused to accept the actual weekly and overtime hours worked by the Plaintiff.

25.     The Defendant knew it was using a payroll practice and payroll system that rejected regular hours and overtime hours worked by the Plaintiff as well as by its other employees.

26.     The Defendant further affirmatively refused to pay the Plaintiff for overtime hours worked, in violation of the Fair Labor Standards Act.

4

27.     The Defendant failed to pay the Plaintiff  her regular rate of pay for hours worked by the Plaintiff as required by FLSA and further failed to pay the Plaintiff one-and-half times the regular rate of pay to the Plaintiff for overtime hours worked.

28.     The refusal of the Defendant to pay for the actual hours worked and overtime hours worked by the Plaintiff is a violation of the Fair Labor Standards Act.

29.     By failing to record, report, and/or preserve hours worked and wages earned by the Plaintiff, the Defendant failed to make, keep and preserve records with respect to the Plaintiff/employee sufficient to determine Plaintiff's wages, hours and other conditions of employment in violation of FLSA, 29 U.S.C. Section 255 (a) et seq.

30.     The Plaintiff requests all unpaid wages, and/or  unpaid minimum wages, unpaid overtime, liquidated damages, penalties, and attorneys' fees.

31.     The Plaintiff also asserts that conduct set forth herein establishes the Defendant acted willfully and intentionally in violation of the Fair Labor Standards Act by knowingly refusing to pay the Plaintiff for all hours worked at her regular rate of pay, all wages earned, all overtime worked, minimum wage, and further failed to pay the proper overtime rate and intentionally failed to keep proper records as set forth hereinabove.

32.     The Defendant knowingly and repeatedly failed to pay the Plaintiff the proper overtime rate as required by the Fair Labor Standards Act.

33.     At all pertinent times the Defendant acted willfully and maliciously.

34.     The Plaintiff seeks a jury trial on all claims, allegations, defenses and triable issues.

Wherefore, the Plaintiff requests any and all damages allowable under West Virginia Law as well under the Fair Labor Standards Act of 1938, including liquidated

damages, back unpaid wages, unpaid overtime, costs and/or minimum wages, prejudgment and post judgment interest and penalties under the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act, including attorney fees. The Plaintiff further requests a finding that the Defendant acted willfully in violating FLSA and WPCA.

John W. Alderman, III, Esq.
Law Offices of John W. Alderman
3 Monticello Place
Charleston, West Virginia  25314
Bar ID 6216
Phone: 304-531-8029
Fax: 877-350-6643

6

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

DAWN FUJITA,

      **Plaintiff,**

v.                                    **Civil Action No. 20-C-787**

CHARLESTON KANAWHA
HOUSING AUTHORITY,

      **Defendant.**

## CERTIFICATE OF SERVICE

    I, John W. Alderman, III, counsel for the Plaintiff, do hereby declare that on this 13th

day of January 2021 I have served a true copy of the hereto attached *Plaintiff's Amended*

*Complaint* upon the following:

    Jan L. Fox
    Steptoe & Johnson PLLC
    P.O. Box 1588
    Charleston, WV 25326

                                 John W. Alderman, III, Esq.
                                 Law Offices of John W. Alderman
                                 3 Monticello Place
                                 Charleston, West Virginia 25314
                                 Bar ID 6216
                                 Phone: 304-531-8029
                                 Fax: 877-656-8622