IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DAWN FUJITA,**

 **Plaintiff,**

**v.**                 **Civil Action No. 2:21-CV-00087**
                    **(Honorable Irene C. Berger)**

**CHARLESTON-KANAWHA
HOUSING AUTHORITY,**

 **Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 3
*(To Preclude Opinion Testimony)*

### I. INTRODUCTION AND FACTS

On March 10, 2021, this Court entered its Scheduling Order, [ECF 6], which required the parties to file their Rule 26(a)(1) disclosures no later than April 7, 2021. Plaintiff timely filed her disclosures, [ECF 8], but listed no expert witnesses. When asked about expert witnesses during written discovery, Plaintiff stated:

> INTERROGATORY NO. 7: If you or your counsel intend to call an expert witness at the trial of this case, please state:
>
>  (a) The name of the expert;
>  (b) A description of the qualifications of each expert;
>  (c) The substance of the facts and opinions as to which the expert is expected to testify; and
>  (d) A summary of the grounds for each opinion.
>
> ANSWER: No expert has been retained at this time. If any such expert is retained, it will be disclosed in accordance with this Court's Scheduling Order.

[Pl.'s Resp. to Def.'s First Interrogatories, excerpt attached as **Exhibit A**]. The Scheduling Order directed Plaintiff to file her expert witness list no later than September 1, 2021, [ECF 6]; Plaintiff did not file an expert witness list *at all*.

Whether Plaintiff was misclassified as "exempt," and should instead be classified as "non-exempt" under the FLSA, is a legal conclusion[1] (not a factual one) which strikes at the very heart of this case and is therefore classic opinion testimony. However, Plaintiff has identified no expert witnesses to give such testimony. Plaintiff has identified DOL Investigator Mario Bombardiere as a *fact* witness, but because she has not identified him (or anyone else) as an *expert* witness, Plaintiff should be precluded from eliciting from Mr. Bombardiere (or anyone else) testimony stating the opinion that her FLSA classification of "exempt" is incorrect (or any other opinion).

## II.   DISCUSSION

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702

The Fourth Circuit has instructed that "[i]t is generally held that relevant testimony from a qualified expert may be received if and only if he is in possession of such facts as would enable him to express a reasonably accurate conclusion as distinguished from mere conjecture." *Horton*

---

[1] Although the activities that the employees actually perform is a question of fact, "[t]he question of whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law.' " *Altemus v. Federal Realty Trust et. al.* No. 11-2213 4th Cir (July 31, 2012) (unpublished per curiam) (citing *Seafoods, Inc. v. Worthington*, 475 U.S. 709, 713-714 (1986)).

*v. W.T. Grant Co.,* 537 F.2d 1215, 1218 (4th Cir. 1976). Likewise, "[a] reliable expert opinion must be based on scientific, technical, or other specialized knowledge and ***not on belief or speculation, and inferences must be derived using scientific or other valid methods***." *Oglesby v. Gen. Motors Corp.,* 190 F.3d 244, 250 (4th Cir. 1999) (emphasis added).

Trial courts serve an important role in monitoring the validity of expert opinions prior to allowing their use as evidence in a case. The Fourth Circuit has explained that Courts "must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.' " *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993)). The Supreme Court of the United States has explained that "[t]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. This means that a trial judge must conduct "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (quoting *Daubert,* 509 U.S. at 592-93). Put another way, the Court must "question whether the evidence is valid and reliable . . . [and] determine whether the evidence will help the trier of fact*." Main St. Am. Grp. v. Sears, Roebuck, & Co.*, 2010 WL 956178 *3 (D. Md., JFM 08-3292, March 11, 2010) (citations and quotation marks omitted) (Ex. 5, compilation of unreported cases in alphabetical order). Furthermore, the testimony must be "expert." As explained by the District Court for the Western District of North Carolina, "Rule 702 does not afford the expert unlimited license to testify . . . without first relating that testimony to some specialized knowledge on the expert's part . . . . Put another way, an expert's opinion must be an expert opinion . . . rather than simply an opinion broached by a purported

3

expert." *Textron, Inc., v. Barber-Coleman Co.*, 903 F. Supp. 1546, 1552 (W.D.N.C. 1995) (citing *United States v. Johnson*, 54 F.3d 1150, 1157 (4th Cir. 1995)).

To aid the Court in assessing the reliability and admissibility of expert testimony, Rule 26(a)(2)(B) requires that such witnesses provide signed expert reports, and that the reports contain a complete statement of opinions. The Rule provides:

> Unless otherwise stipulated or ordered by the court, [the expert] disclosure ***must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case*** or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) ***a complete statement of all opinions the witness will express and the basis and reasons for them***;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B) (emphasis added). When an expert has not been identified, "the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. CIV. P. 37(c)(1). The Fourth Circuit has articulated a five-factor test to aid courts in evaluation whether to excuse a party's failure to comply with these rules regarding disclosure as harmless. The factors are "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the

4

importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F. 3d 592, 597 (4th Cir. 2003). Each factor need not be considered. *See Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006). The burden of proving a substantial justification or harmlessness rests with the party that failed to disclose. *S. States Rack & Fixture, Inc.*, 318 F. 3d at 596 (citations omitted). The Fourth Circuit has explained the prejudice that results from a party's failure to comply with the expert disclosure requirements

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. ***A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.***

*Carr*, 453 F.3d at 604 (citations and quotation marks omitted, emphasis added). Where, as here, Plaintiff has ***not disclosed any experts at all***, Defendant has been deprived of an opportunity to review the report of said expert(s) and cross-examine him or her through deposition. Therefore, Plaintiff and/or her counsel should be precluded from eliciting any opinion testimony that she was misclassified and/or should be classified as "non-exempt."

Moreover, any opinion that Plaintiff was misclassified and/or should be classified as "non-exempt" through Mr. Bombardiere or Ms. Glencoe is impermissible under Rule 701. As noted, Plaintiff has named these individuals as ***fact*** (not expert) witnesses. However, Rule 701 does "not permit a lay witness to express an opinion as to matters which are ***beyond the realm of common experience*** and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 202 (4th Cir. 2000) (citing *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979) (emphasis added). The legal conclusion of whether Plaintiff should be classified as "exempt" or "non-exempt" is clearly "beyond the realm

of common experience," and such an opinion is likewise prohibited from Mr. Bombardiere and/or Ms. Glencoe under Rule 701.

### III. CONLCUSION

The question of whether Plaintiff is "exempt" or "non-exempt" under the FLSA is a legal conclusion which strikes at the ultimate issue in this case. Any testimony on that issue is the textbook definition of opinion, not fact, for which she has not disclosed a competent expert witness. More broadly speaking, Plaintiff has failed to disclose any expert witnesses *at all*, and accordingly should be precluded from eliciting any opinion testimony at trial, on any subject, from any witness.

**CHARLESTON-KANAWHA HOUSING AUTHORITY,**

**By Counsel,**

/s/ Mark C. Dean
Jan L. Fox (WV Bar #1259)
Mark C. Dean (WV Bar #12017)
Chase Tower, 17th Floor
P. O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 facsimile
Jan.Fox@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com

STEPTOE & JOHNSON PLLC
　Of Counsel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**DAWN FUJITA,**

    **Plaintiff,**

**v.**                                                       **Civil Action No. 2:21-CV-00087**
                                                         **(Honorable Irene C. Berger)**

**CHARLESTON-KANAWHA
HOUSING AUTHORITY,**

    **Defendant.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 7th day of March, 2022, I served the foregoing ***"Memorandum in Support of Defendant's Motion in Limine 3 (To Preclude Opinion Testimony)"*** with the Clerk of Court via the CM/ECF system which will send electronic notification of such filing to the following:

                      John W. Alderman, III, Esq.
                      Law Offices of John W. Alderman
                      3 Monticello Place
                      Charleston, WV  25314
                      *Counsel for Plaintiff*

                                                       /s/ Mark C. Dean